```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

DAVID SOLAN,                          :
                                      :
        Plaintiff                     :
                                      :
        vs.                           :    CIVIL NO. 1:CV-06-0049
                                      :
                                      :
MS. V. RANCK, nee Hursh, et al.,      :
                                      :
        Defendants                    :

*M E M O R A N D U M*

      We are considering the pro se plaintiff, David Solan's, second motion to compel discovery, filed April 12, 2007. The motion also seeks sanctions for what Plaintiff perceives to be bad faith on Defendants' part during discovery. We are also considering an amendment to that motion.

      Solan, an inmate at FCC-Peterburg, Petersburg, Virginia, was formerly an inmate at FCI-Allenwood. This litigation presents the following claims against Allenwood officials and officers: (1) a Fourth Amendment claim for being removed from the shower on June 10, 2005, and taken to his cell on Unit 4-A while naked and shackled; (2) an equal-protection claim, alleging that the removal from the shower and the naked escort was because Plaintiff is an elderly, peaceful Jewish intellectual; (3) four retaliation claims, all based on Plaintiff's having filed grievances about the June 10 incident and thereafter: (a) Plaintiff's transfer to USP-Canaan; (b) his placement in a segregation cell from July 5, 2005,

through July 7, 2005, with a mentally disturbed inmate who caused Plaintiff emotional suffering; (c) the refusal to return Plaintiff to the cell he occupied before July 3; and (d) after his return from an operation, an attempted placement on July 7 in a six-man cell with incompatible cell mates and filthy conditions and then when he refused this assignment, placement in segregated housing with a mentally disturbed cell mate in filthy conditions.

At issue in this motion are the following discovery requests. In his "First Discovery Requests," Plaintiff's Request No. 1 sought, in relevant part, information on any civil rights case filed against any of the defendants in federal or state court during the past fifteen years. Defendants did not answer this request, objecting that it sought irrelevant and privileged information and was overly broad.

Plaintiff did not attempt to compel an answer to this request in his first motion to compel, but asserts that circumstances changed when Defendants, in responding to the motion to compel an answer to Request No. 11, volunteered in their brief (in opposition to that first motion) to provide a copy of the complaint filed by Allenwood inmate Alonzo Johnson arising from a similar shower-stall incident on the same day. Plaintiff asserts he did not know about this lawsuit and that it now appears Defendants were trying to hide the truth about relevant evidence, relevant because it would show a pattern of abusive conduct by prison officials that would buttress Plaintiff's credibility

against the words of those officials. Plaintiff also seeks Johnson's current address.

We disagree that the information Defendants volunteered about Johnson's lawsuit meant that they were trying to hide relevant evidence responsive to Request No. 1.[1] Request No. 1 was overly broad and did seek evidence irrelevant to the lawsuit, any civil-rights lawsuits filed against the defendants regardless of the factual allegations. We will not compel an answer to Request No. 1. We also note that Defendants assert they do not have a current address for Johnson.

Plaintiff next complains about the failure of defendant Bittenbender to file answers to Requests No. 1, 2 and 3 of his "Second Discovery Requests."[2] Defendants respond that Bittenbender did not answer because he is on active duty deployed overseas. They assert that upon his return they will provide his answers. Based on this response, we will not compel Bittenbender's answers at this time.[3]

---

[1] Request No. 11 focused on Johnson. It sought "all records pertaining to federal inmate Alonzo Johnson . . . with reference to what charges or SHU placement he experienced subsequent to the events of June 10, 2005 in Unit 4-A . . ."

[2] Numbers 1 and 2 were directed at defendants Ranck, Clarkson and Bittenbender only. They sought information about the conversation that might have taken place between Solan and these defendants and the defendants' description of Solan as he was taken from the shower, i.e., wet soapy, clothed?

[3] Defendants also indicate they may seek a postponement of trial based on Bittenbender's deployment.

3

Plaintiff next complains about Defendants' answer to Request No. 5 in his "Second Discovery Requests." No. 5 is a followup to the defendants' answer to Request No. 28 in Plaintiff's "First Discovery Requests," so we will start with the latter request and Defendants' answer.

Request No. 28 essentially sought the name(s) of the official(s) who recommended in or about June 2005 Plaintiff's transfer to USP-Canaan, the exact date of the recommendation, and the reason for the recommendation. The request also sought the names, registration numbers and living quarters of all other Allenwood inmates who had similarly been recommended for transfer to Canaan in June 2005 or perhaps December 2004.

Defendants objected that the request was irrelevant, overly broad and violated the Privacy Act but did respond that, as part of their motion for summary judgment, they had already provided the document, dated December 29, 2004, requesting his transfer to USP-Canaan for the purpose of increasing Canaan's population. (See doc. 44-3, p. 7). In relevant part, the response continued:

> Subsequently, another request for transfer was completed; however, this request, along with the transfer order cannot be located. Nevertheless, SENTRY records show that the request was approved by the Northeast Regional Office on June 24, 2005, as a Code 318 transfer (increase population). . . .

Request No. 5 in Plaintiff's "Second Discovery Requests" followed up on the quoted part of the response. It requested

information on how it was known that a second request for transfer had been made, the names and contact information for the Bureau of Prisons officials who could testify about the second request and who could produce documents showing its existence, the reason why a second request was made and its date, and the name of the BOP employee who supplied the December 29, 2005, request.

> Defendants made the following response to Request No. 5:
>
> A review and research of documents reveal that a transfer request was initiated on December 29, 2004. It appears that, on June 24, 2005, the Northeast Regional Office accepted and approved the transfer. No other documents exist regarding this transfer.

(Doc. 111, Defs.' Ex. D).

Plaintiff objects that this answer is nonresponsive, repeating an "obscure mantra." He also notes that in their supplemental responses pursuant to our order of March 8, 2007, Defendants stated that no recommendations for transfer to Canaan were made in June 2005. (Doc. 111, Defs.' Ex. F). In Plaintiff's view, these responses still leave open some of the questions sought to be answered by Request No. 5 – who made the second request for transfer and when. The responses only answered whether any documentation of the second request existed (it does not) and that any second request was not made in June. Plaintiff argues it is important for him to explore the circumstances of the second transfer request because, in his view, the first transfer request had been cancelled so that the second request would have been made

in retaliation for Plaintiff's complaints about his treatment during the shower-stall incident.

In their brief in opposition, Defendant objects to any further response on their part to Request No. 5. Their brief takes the position that the response to Request No. 28 of the first request for discovery erroneously stated there was a second transfer request. They further maintain that based on the existing documentation, there was only the December 2004 request about Plaintiff's transfer to Canaan.

We think Plaintiff is entitled to answers to the questions in Request No. 5. Any recent change in Defendants' understanding of how many transfer requests were made can be incorporated in the answer.

Plaintiff also renews the request in his first motion to compel that we require Defendants to correct the discrepancy in the number of inmates Defendants listed in response to Request No. 5 in his first request for discovery.

Request No. 5 asked for the number of inmates who were placed in the segregated housing unit or transferred from USP-Allenwood as a result of the prison disturbance on June 7, 2005.[4] It also asked for the number of inmates at Allenwood at the time of the disturbance. We adhere to our original decision that this information is irrelevant to Plaintiff's claims.

---

[4] The June 7 prison disturbance led to a five-minute limit on showers that gave rise to the circumstances leading to the Fourth Amendment claim for the June 10 shower.

6

Finally, in his amendment to the motion, Plaintiff seeks inmate Alonzo Johnson's BP-8 of June 24, 2005, and BP-9 of June 29, 2005, which Defendants refused to provide in response to Plaintiff's "Third Discovery Requests" on the basis of protecting Johnson's privacy. As part of their opposition to the motion to compel, Defendants have submitted at Exhibit G the relevant grievance forms Johnson filled out, which had been filed in response to Johnson's federal lawsuit. We conclude that this moots Plaintiff's discovery request in regard to Johnson's administrative filings.

We will issue an appropriate order.

<pre>                                   /s/William W. Caldwell
                                   William W. Caldwell
                                   United States District Judge</pre>

Date: July 18, 2007

```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

DAVID SOLAN,                         :
                                     :
       Plaintiff                    :
                                     :
       vs.                          :   CIVIL NO. 1:CV-06-0049
                                     :
                                     :
MS. V. RANCK, nee Hursh, et al.,     :
                                     :
       Defendants                   :

*O R D E R*

AND NOW, this 18th day of July, 2007, it is ordered that:

    1.  The pro se plaintiff, David Solan's, second motion (doc. 100) to compel discovery is granted in part.

    2.  Within twenty days of the date of this order, Defendants shall answer the questions in Request No. 5 in Plaintiff's "Second Discovery Requests."

    3.  In all other respects, the motion is denied.

                                   /s/William W. Caldwell
                                   William W. Caldwell
                                   United States District Judge